UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:25-cr-00153-CDS-DJA |
| Plaintiff | Order Granting Motion for Review of Magistrate Judge's Detention Order and Denying Request for Release Pending Trial |
| v. | |
| Silvia Turuy-Ley, | [ECF No. 9] |
| Defendant | |

On May 28, 2025, defendant Silvia Turuy-Ley filed a motion for review of United States Magistrate Judge Nancy Koppe's order detaining her pending trial.[1] Mot., ECF No. 9. Therein, Turuy-Ley requests that this court review Judge Koppe's determination that she poses a serious risk of flight if released, and to release her with conditions pending trial. *See* Det. order, ECF No. 16. The government opposes the motion. Opp'n, ECF No. 18. The motion is now fully briefed. *See* Reply, ECF No. 21. For the reasons set forth herein, I grant Turuy-Ley's motion for review of her detention order but, after conducting a de novo review, I affirm the order. Thus, her request to be released on conditions pending trial is denied without prejudice.

I.      **Procedural history**

On May 22, 2025, defendant Turuy-Ley was charged by criminal complaint with one count of being a deported alien found in the United States in violation of Title 8, United States Code, Section 1326(a). Compl., ECF No. 1. As set forth in the probable cause portion of the complaint, the defendant was encountered by Las Vegas Metropolitan Police Department (LVMPD) officers during a traffic stop in Searchlight, Nevada on May 4, 2025. *Id.* at 2–3, ¶ 3. A records check revealed the defendant to be a citizen and national of Guatemala, and that she had been previously removed from the United States around November 2024. ECF No. 1 at 2–3.

---

[1] This motion was originally filed in Turuy-Ley's appeal, which was docketed as a civil action because, at the time, she had not yet been indicted. *See* 2:25-cv-00949-CDS-MDC at ECF No. 1. It was filed as an emergency. However, after reviewing the motion, the court determined it was not an emergency and directed briefing in accordance with the local rules. *See id.* at ECF No. 2.

## II. Discussion

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court then conducts a de novo review of a magistrate judge's detention order. *United States v. Koening*, 912 F.2d 1190 (9th Cir. 1990). The high standard imposed by de novo review is consistent with the goals of the Bail Reform Act, which envisioned a "more plenary" review process at the district level than at the appellate court. *Id.* at 1192. "The standard of review for pretrial detention orders is one of deference to the [magistrate judge's] factual findings, absent a showing that they are clearly erroneous, coupled with an independent review of the facts, the findings, and the record to determine whether the order may be upheld." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (citing *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985)). The district judge must ultimately make her own de novo determination of the facts and of the propriety of detention. *Koenig*, 912 F.2d at 1193.

Section 3142 of Title 18 of the United States Code governs pretrial detention and release, and subsection (g) of that statute outlines the specific factors this court must consider in determining whether conditions exist that will reasonably assure the appearance of a defendant and the safety of the community pending trial. Those factors include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g). The second factor—the weight of the evidence against the defendant—is the **least important** factor, considering the risk of assessing guilt at the pre-trial stages of the prosecution. *Gebro*, 948 F.2d at 1121 (emphasis added).

Turuy-Ley argues that the factors set forth in 18 U.S.C. § 3142(g) warrant releasing her on conditions pending trial because she is neither a danger to the community nor a flight risk. *See* Mot., ECF No. 9 at 5. But she fails to meet her burden demonstrating the detention order should be revoked. She argues that she fled Guatemala to escape violence. *See* ECF No. 9 at 2. However, this fear is contradicted by the fact that, according to the government, she left her children—one of whom is a minor—in Guatemala. *See* ECF No. 18 at 5–6. Nonetheless, even accepting her assertion that she fears violence as true, it does not outweigh the other factors demonstrating detention is appropriate.

As explained by the government, when Turuy-Ley was arrested, she was in a vehicle with three other unlawfully present aliens. *See* Govt.'s opp'n, ECF No. 18 at 3. Turuy-Ley had previously attempted to enter the United States using fake credentials in October of 2024. ECF No. 18 at 3. Then, like now, she claimed fear of returning to her home country, but a USCIC asylum officer found no reasonable possibility of persecution or torture. *Id.* After her appeal was denied by an immigration judge, Turuy-Ley was deported back to Guatemala. *Id.* During her deportation proceedings, Turuy-Ley was informed she was prohibited from re-entering the country, *id.*, but she was arrested during that vehicle stop in Searchlight less than six months later. Although the weight of the evidence is the least important factor, the court notes that the evidence here against the defendant is strong, weighing against release.

After her arrest in this case, Turuy-Ley was interviewed by pretrial services, during which she admitted to crossing into the border illegally in April 2025, where she intended to reside with her boyfriend in Los Angeles. ECF No. 18 at 4. According to pretrial services, Turuy-Ley has no access to money, no phone, did not know the contact information for her boyfriend in L.A., and has no passport. *Id.* It is unclear how—given the representation that Turuy-Ley did not have his phone number—pretrial services was able to get into contact with her boyfriend. He advised pretrial that it was the defendant's plan to return to Guatemala and that he did not believe she would return for her future court appearances. *Id.* Turuy-Ley disputes this representation, asserting that her partner's response was the result of him misunderstanding the question, and upon clarification he states she *would* abide by a detention order and would not return to the U.S. ECF No. 9 at 8; Reply, ECF No. 21 at 2. Based on the information before the court, Turuy-Ley has no other ties to this or any other community in this country.

Although Turuy-Ley is charged with a non-violent offense, this is not the first time she has entered the country unlawfully. Within the last year she has attempted to use fake credentials (in this case, an alias) to enter the country and was subsequently deported. At the time she was deported Turuy-Ley was informed she was not permitted to return, but nonetheless did. To her credit, she has no failures to appear or criminal history in this country. But she has no employment[2] and because of her lack of status, has no opportunity to become gainfully employed. She also lacks ties to this community, and her ties to the individual identified as her partner are weak. When she was interviewed by pretrial, she could not identify where he lived, much less how to contact him. And once he was contacted, he provided conflicting information about whether Turuy-Ley would or would not appear. Thus, the relevant § 3142(g) factors weigh in favor of detention, so the defendant's motion is denied, and the magistrate judge's detention order is affirmed.

---

[2] The court notes that, according to the government, Turuy-Ley paid $18,000 to smugglers to assist her in getting from Guatemala to Los Angeles. *See* ECF No. 18 at 3–4. The court questions where and how she obtained the funds to be smuggled. This calls in to doubt her contention that she does not have the resources to flee, as argued in her reply. ECF No. 21 at 3.

III.     Conclusion

IT IS HEREBY ORDERED that Turuy-Ley's request to review the magistrate judge's detention order is granted, however her request to be released on conditions pending trial [ECF No. 9] is DENIED without prejudice.[3] The order of detention [ECF No. 16] is **affirmed in full**.

Dated: June 24, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] Turuy-Ley may move to reopen the detention hearing should she produce evidence showing that she has ties to this or another community where she can be supervised, or other new information for the court's consideration.